**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **HOLLY SMART**,<br><br>Plaintiff,<br><br>v.<br><br>**EMERALD CITY RECOVERY, LLC, RELIABLE CREDIT ASSOCIATION, INC., AND RELIABLE CREDIT ASSOCIATION, INC. (WA)**,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br>**JURY DEMAND** |

## INTRODUCTION

1. This is an action against Emerald City Recovery, LLC, by a consumer alleging damages for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, arising from a motor vehicle repossession that took place despite the lack of any right to possession of the property claimed as collateral through an enforceable security interest, or of any legal or equitable interest whatsoever in the subject vehicle.

2. This action also is brought against Reliable Credit Association, Inc., and Reliable Credit Association, Inc (WA), the creditor acts and omissions resulted in the wrongful conversion of



**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

Plaintiff's car . Plaintiff also sues for violations of the Consumer Protection Act and breach of the Uniform Commercial Code.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d), and has supplemental jurisdiction of the state law claims regarding the same transaction and events under 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff Holly Smart ("Ms. Smart") lives in Renton, King County, Washington. Ms. Smart is a "consumer" as defined at 15 U.S.C. § 1692a(3).

5. Defendant Reliable Credit Association, Inc. is an Oregon corporation licensed to do business in Washington and it does business in Western Washington and King County Washington.

6. Defendant "Reliable Credit Association, Inc. WA" is a Washington corporation licensed to do business and doing business in Washington. Upon information and belief it is related to Reliable Credit Association, Inc..

7. Reliable Credit Association, Inc. and Reliable Credit Association, Inc. (WA) have mostly the same officers and employees.

8. When used collectively Reliable Credit Association, Inc. and Reliable Credit Association, Inc. WA will be referred to below as "Reliable Credit" or "Reliable Credit Entities".

9. Defendant Emerald City Recovery LLC ("Emerald Recovery") is a corporation that regularly repossesses motor vehicles and is located in Western Washington and is doing business in King County and the City of Kent.



**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

10. Emerald Recovery, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and are "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), or, alternatively, they take or threaten to take non-judicial action to effect dispossession or disablement of property.

**STATEMENT OF FACTS**

11. On or about November 3, 2017, plaintiff bought a 2011 Ford Fusion with plate BHJ0461 and vehicle identification number 3FADPOL35BR117.

12. Plaintiff held the car with clear title and no loan other than to her father, John Smart.

13. Ms. Smart faithfully made all car loan payments to her father.

14. Ms. Smart used her car for going to work, for developing her own business, visiting friends, volunteer activities at her church, meeting clients and other household and business purposes.

15. On the evening of January 16, 2018, Ms. Smart drove her car home to an apartment complex in Renton, Washington after working a full day.

16. Ms. Smart went to bed and came out in the morning to find her car was missing and reported it stolen.

17. Ms. Smart was informed an unmarked tow truck arrived at 1:15 am and created a great deal of noise, waking at least one neighbor who went outside to investigate the cause of the noise and witnessed her car being towed.

18. Upon information and belief, the operator of the Emerald Recovery tow truck lifted and moved the vehicle three times prior to having the vehicle in position.

19. Upon information and belief, once the car was out of its parking spot, the Emerald Recovery representative drove away without strapping the car down.



**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

20. Ms. Smart reported the car stolen to the King County Sheriff's Office at approximately 5:44 am and was informed there was "nothing in the system showing it was towed" or words to that effect.

21. None of the Defendants had any right, title, or interest whatsoever in Ms. Smart's Ford Fusion.

22. None of the Defendants had any legal basis whatsoever to take Ms. Smart's Ford Fusion.

23. None of the Defendants had any justification of any kind whatsoever to take Ms. Smart's Ford Fusion.

24. In the morning, Ms. Smart's mother arrived to take plaintiff to work.

25. The same day she obtained a rental car under the terms of her comprehensive car insurance.

26. In the morning of January 19, 2018, Ms. Smart was told  by a Kent police officer that he had determined her car had been taken by Emerald Recovery for "non-payment."

27. At approximately 3:00 pm on January 19, 2018, Ms. Smart spoke with a representative of Emerald Towing whose representative told her "a very accurate, high tech" camera misread the license causing the incorrect vehicle to be taken or words to that effect.

28. Upon information and belief, Emerald Recovery never determined the car a different identification number and license plate until questioned by a Kent Police Officer.

29. Upon information and belief Reliable Credit never determined it had taken a car with a different identification number until after Emerald Recovery was questioned by a Kent police officer.

30. Ms. Smart had her car towed to a Ford dealership which informed her there was damage to the right rear quarter panel.



**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

31. Ms. Smart did not cause the damage to her right rear quarter panel.

32. The damage happened to the car when it was in the possession of Emerald Recovery in the process of being moved, picked up, towed or stored by Emerald Recovery.

33. Upon information and belief,  Reliable Credit was attempting to repossess a neighbor's car when her car was taken.

34. In January 2018, John Smart, plaintiff's father, contacted Emerald Recovery and informed a representative of Emerald Recovery the car was damaged by Emerald Recovery while in its possession.

35. The representative of  Emerald Recovery stated the damage was not the responsibility of Emerald Recovery and it was a "clean tow" or words to that effect.

36. The representative of Emerald Recovery next stated that he had reviewed a video of the repossession.

37. The representative of Emerald Recovery stated that he "fired" the employee who took plaintiff's car.

38. Upon information and belief the same representative of Emerald Recovery who took plaintiff's car later repossessed the car he intended to take the night he took plaintiff's car.

39. Reliable Credit regularly makes car loans.

40. The loans Reliable Credit makes are mostly at a higher interest rates than those made by banks and credit unions.

41. Reliable Credit repossesses the vehicles it finances at a higher rate than ordinary banks and credit unions.

42. Reliable Credit repossesses the vehicles it finances at a much higher rate than ordinary banks and credit unions.



**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

43. Most of the loans Reliable Credit makes are referred to as "sub-prime" by many members of the finance industry.

44. Repossession of cars is a regular activity of Reliable Credit and is integral to its business practices.

45. Reliable Credit Association, Inc. and Reliable Credit Association, Inc. (WA) were each involved in some aspect of making the loan or servicing for the car they were attempting to take the night its agent took Ms. Smart's car.

46. Reliable Credit Association, Inc. and Reliable Credit Association, Inc. (WA) each made some effort to collect the loan for the car they were attempting to take the night they took Ms. Smart's car.

47. Reliable Credit Association, Inc. and Reliable Credit Association, Inc. (WA) each authorized repossession of the car they were attempting to take the night they took Ms. Smart's car.

48. Reliable Credit Association, Inc. and Reliable Credit Association, Inc. (WA) each failed to have any procedure for determining if they took someone else's car.

49. As a result of the actions of the Defendants, Plaintiff was embarrassed, suffered headaches, nausea, nerves, loss of concentration, insomnia and loss of sleep, anxiety, irritability, frustration and intimidation and suffered emotionally in other ways from the distress of having a stranger come in the middle of the night to take something that was not his to take, wake her neighbor(s), damage her car, make misrepresentations and not return it for days.

50. In addition plaintiff suffered financial loss in amounts to be proven at trial.

51. Plaintiff was embarrassed to have the car taken in a noisy way in front of her neighbors.



**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

52. Taking the car with no right, failing to follow any protocol to identify the car, waking neighbors, making a public spectacle, failing to secure the vehicle and damaging the vehicle breached the peace.

53. The purported debt was for a personal car loan, and was of a nature incurred primarily for personal, family, or household purposes, bringing Defendants' collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

54. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The Defendants are jointly and severally liable to Plaintiff.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – EMERALD RECOVERY**

55. The foregoing acts and omissions of Defendant Emerald Recovery, constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692f(6).

56. As a result of the acts and omissions of Emerald Recovery, Ms. Smart has suffered actual damages and injury as stated above.

**SECOND CAUSE OF ACTION**
**CONVERSION – EMERALD RECOVERY AND RELIABLE CREDIT ENTITIES**

57. Emerald Recovery and Reliable Credit's actions in repossessing the Ford Fusion when it had no legal or equitable interest of any kind whatsoever in it constituted the tort of conversion.

58. As a direct and proximate result of Defendants' conversion, Plaintiff has suffered actual damages and injury as stated above.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW – RCW § 19.86.910 et seq - RELIABLE CREDIT ENTITIES AND EMERALD RECOVERY**



**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

59. Reliable Credit, and Emerald Recovery committed unfair methods of competition and/or unfair or deceptive acts or practices, in the conduct of any trade or commerce, and therefore violated RCW § 19.86.020.

60. Defendants' acts were injurious to the public interest within the meaning of RCW § 19.86.093.

61. Plaintiff was injured in her business or property by defendants' violations of RCW § 19.86.020, and is therefore entitled to injunctive relief, actual damages, and attorneys fees and costs, pursuant to RCW § 19.86.090.

62. In addition to actual damages, plaintiff is entitled to treble damages not exceeding $25,000, pursuant to RCW § 19.86.090.

63. Plaintiff is entitled to a civil penalty of $2,000 for each of defendants' violations of RCW § 19.86.020, pursuant to RCW § 19.86.

## FOURTH CAUSE OF ACTION
## VIOLATION OF UNIFORM COMMERCIAL CODE – RELIABLE CREDIT ENTITIES

64. Defendants' repossession seizure of Ms. Smart's car was covered by the Uniform Commercial Code (UCC).

65. The repossession was commercially unreasonable, and it violated the UCC in other respects.

66. As a direct and proximate result of Defendants' commercially unreasonable repossession, Ms. Smart has suffered actual damages and injury, as stated above.

67. In addition Ms. Smart is entitled to damages provided under the UCC including but not limited to those provided at RCW 62A.9A-625.



**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

68. Emerald Recovery is "a person" as provided in RCW 62A.9A-625(b).

69. Reliable Credit Entities are each "a person" as provided in RCW 62A.9A-625(b).

70. RCW 62A.9A-625(c)(1) and (2) including the credit service charge of the loan for which Reliable Credit Defendants were repossessing plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price.

**JURY DEMAND**

71. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1. Declaratory relief that Emerald Recovery has violated the Fair Debt Collection Practices Act;
2. Award Plaintiff statutory damages against Emerald Recovery for its violations of the FDCPA;
3. Award Plaintiff actual damages against Defendants Emerald Recovery for its violations of the FDCPA;
4. Award Plaintiff reasonable attorneys' fees against Award Plaintiff statutory damages against Defendants Emerald Recovery for their violations of the FDCPA;
5. Award Plaintiff costs against the Defendants for their violations of the FDCPA;
6. Award Plaintiff actual damages against Emerald Recovery and Reliable Credit Entities for their negligence;
7. Award Plaintiff actual damages against Defendants Emerald Recovery and Reliable Credit Entities for their conversion;



**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410

8. Award Plaintiff actual damages, statutory damages, punitive damages and attorney's fees and costs against Emerald Recovery and Reliable Credit Entities for violations of the Consumer Protection Act;

9. Award Plaintiff the greater of her actual damages or damages under RCW 62A.9A-625 against Reliable Credit Defendants for their violation of the UCC;

10. Award Plaintiff damages RCW 62A.9A-625 the credit service charge of the loan for which Reliable Credit Defendants were repossessing plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price; and

11. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

Dated: March 26, 2018

BY: *s/ Christopher E. Green*
Christopher E. Green, ESQUIRE
Green Law Firm
225 106th Ave NE
Bellevue, WA 98005
(206) 686-4558

***Attorney for Plaintiff***



**Christopher E. Green | GreenLawFirm PS**
225 106th Ave NE | Bellevue WA 98005
(206) 686-4558 | Chris@MyFairCredit.com
WSBA#19410