THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLY SMART, | CASE NO. C18-0448-JCC |
| Plaintiff, | ORDER |
| v. | |
| EMERALD CITY RECOVERY, LLC, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants Reliable Credit Association Inc. ("Reliable Oregon") and Reliable Credit Association Inc. (WA)'s ("Reliable Washington") motion to dismiss (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND[1]

Plaintiff Holly Smart brings this lawsuit against debt collector Emerald City Recovery, LLC ("Emerald City") and creditors Reliable Oregon and Reliable Washington (collectively "Reliable Credit") arising from the allegedly wrongful repossession of her car. (Dkt. No. 24-1 at

---

[1] After Defendants filed their motion to dismiss, Plaintiff filed an unopposed motion seeking leave to amend her complaint with an attached first amended complaint (Dkt. Nos. 24, 24-1). The parties stipulated that Defendants' motion to dismiss be resolved based on Plaintiff's first amended complaint. (*Id.*) Plaintiff's motion for leave to amend (Dkt. No. 24) is GRANTED. The Court considers the first amended complaint Dkt. No. 24-1) in deciding this motion.

2–3.) Just after 1:00 a.m. on January 17, 2018, Emerald City towed Plaintiff's Ford Fusion from outside her apartment. (*Id.* at 4.) While rigging the car for tow, Emerald City caused enough noise to wake up one of Plaintiff's neighbors, who saw the car being taken. (*Id.*)

When Plaintiff discovered her car was missing she filed a police report. (*Id.*) The police informed Plaintiff that her car had been towed by Emerald City for "non-payment" on behalf of Reliable Credit. (*Id.*) But Plaintiff did not owe a debt to Reliable Credit—she bought her car with a loan from her father. (*Id*. at 4.) Plaintiff contacted Emerald City and learned that the company took her car by mistake. (*Id*. at 5.) Emerald City had intended to repossess a car belonging to Plaintiff's neighbor, but took Plaintiff's car after its camera misread the license plate. (*Id.* at 5.) When Plaintiff eventually recovered her car from Emerald City, it had damage to the right rear quarter panel. (*Id*. at 6.)

Plaintiff alleges that Reliable Credit had a contractual relationship with Emerald City for the repossession of vehicles at the time her car was taken. (*Id.*) Plaintiff alleges that Reliable Credit is liable for conversion, violation of the Washington Consumer Protection Act ("WCPA"), Revised Code of Washington section 19.86 *et seq.*, and breach of the Uniform Commercial Code ("UCC"), Revised Code of Washington section 62A.9A-609. (*Id*. at 9–12.) Reliable Credit moves to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 14.)

## II.   DISCUSSION

### A.   Legal Standard on Motion to Dismiss

A defendant may move to dismiss a complaint when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In resolving a motion to dismiss, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim is facially plausible when the plaintiff pleads factual content that allows the Court to draw
ORDER
C18-0448-JCC
PAGE - 2

1  the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.

2  However, conclusory allegations of law and unwarranted inferences will not defeat an otherwise

3  proper motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.  Analysis**

 1. Reliable Oregon

Reliable Credit seeks dismissal of all claims against Reliable Oregon because that company has never contracted with or hired Emerald City. (Dkt. No. 14 at 4.) In support of this position, Reliable Credit submitted a declaration by one of the company's branch managers (Dkt. No. 15). On a motion to dismiss pursuant to Rule 12(b)(6), the Court is limited to considering the complaint itself, exhibits attached to the complaint, documents incorporated by reference, and matters subject to judicial notice. *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). The Court cannot consider Reliable Credit's declaration because it makes a factual challenge to Plaintiff's complaint. *See Lee*, 250 F.3d 668 ("[F]actual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6).")

The first amended complaint alleges that Reliable Credit "had a contractual relationship with Emerald Recovery for repossession of vehicles on its behalf at the time plaintiff's car was taken." (Dkt. No. 24-1 at 6.) Accepting this allegation as true, Plaintiff alleges sufficient facts to demonstrate Reliable Oregon could be vicariously liable for Emerald City's conduct. Therefore, the Court must assess each of Plaintiff's claims against both Reliable Oregon and Reliable Washington to determine if they state a claim upon which relief can be granted.

 2. Conversion Claim

Conversion is "the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." *Washington State Bank v. Medalia Healthcare L.L.C.*, 984 P.2d 1041, 1045 (Wash. 1999). Plaintiff does not allege that Reliable Credit ever took possession of her car. (*See generally* Dkt. No. 24-1.) Rather, Plaintiff alleges that Reliable Credit is vicariously liable for Emerald City's conduct. (*Id.* at 10;

Dkt. No. 22 at 4–5.) Reliable Credit argues that it cannot be held vicariously liable for the tort of its independent contractor. (Dkt. No. 14 at 6–8.)

The first amended complaint alleges that when Emerald City towed Plaintiff's car, it was acting pursuant to a contract it had with Reliable Credit. (*Id.* at 6.) Reliable Credit asks the Court to consider the relevant contract with Emerald City, which it attached to its motion. (Dkt. No. 15-1.) It is appropriate for the Court to consider the contract because its terms are incorporated by reference into the complaint, and Plaintiff does not object to the document's authenticity. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998) ("A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.") (citation and internal quotation omitted). The contract states that Reliable Credit hired Emerald City as an independent contractor. (Dkt. No. 15-1 at 5.) Plaintiff does not dispute that Emerald City was acting as an independent contractor. (*See* Dkt. No. 22 at 4.)

Under Washington law, a principal is generally not liable for the injuries caused by its independent contractor. *Stout v. Warren*, 290 P.3d 972, 976 (Wash. 2012). Washington courts have recognized three exceptions to this rule in cases where: (1) the work is inherently dangerous; (2) the principal causes, or knows of and sanctions, illegal conduct; or (3) the employer owes a nondelegable duty of care to persons injured by the work of the independent contractor. *Hickle v. Whitney Farms, Inc.*, 29 P.3d 50, 53 (Wash. Ct. App. 2001).

Plaintiff alleges that Reliable Credit is liable for Emerald City's conduct because it assigned work "which is specially, peculiarly, or inherently dangerous." (Dkt. No. 24-1 at 9.) The first amended complaint does not allege facts that make that claim plausible. Repossession of a car is not the type of activity that Washington courts have recognized as "inherently dangerous." *See Hickle*, 29 P.3d at 53 ("Examples of activities traditionally considered to be inherently dangerous include the use of dynamite, gun powder, firearms, or other flammable or explosive materials that fit our common understanding of the term.") As Plaintiff concedes,

Washington law allows for non-judicial repossession so long as it is done without a breach of the peace. (Dkt. No. 22 at 6.)

Plaintiff further alleges that "the duties Reliable Credit owed to plaintiff were non-delegable duties of the employer arising out of an employer's obligation under RCW 62A.9-609 to only take a vehicle after default on a loan and without breaching the peace." (*Id*. at 9.) Even if the Court accepts that Reliable Credit owed Plaintiff such a non-delegable duty[2], she has not alleged facts that plausibly demonstrate Emerald City breached the peace when towing her car. "A breach of the peace is a public offense done by violence, or one causing or likely to cause an immediate disturbance of public order." *Stone Mach. Co. v. Kessler*, 463 P.2d 651, 653 (Wash. Ct. App. 1970). Merely causing noise while repossessing a vehicle is insufficient, as a matter of law, to demonstrate a breach of the peace. *Ragde v. Peoples Bank*, 767 P.2d 949, 951 (Wash. Ct. App. 1989) (finding no breach of peace where plaintiff's car was repossessed in the middle of the night, from outside his home, and caused a "tremendous ruckus.").

Plaintiff alleges that Emerald City took her car at 1:15 a.m. from outside her apartment complex, causing enough noise to wake up a neighbor. (Dkt. No. 24-1 at 4–5.) Plaintiff does not allege that Emerald City's actions caused any kind of a physical or verbal altercation, or that anyone even spoke with Emerald City's representative when the car was towed. Plaintiff's allegations are not sufficient to make out a plausible claim that Emerald City breached the peace while repossessing her car.[3] *See Ragde*, 767 P.2d at 951.

For these reasons, the Court finds that Plaintiff fails to allege facts that demonstrate Reliable Credit can be held vicariously liable for the acts of Emerald City. Therefore, Reliable

---

[2] The Court is skeptical of Plaintiff's theory that RCW 62A.9-609 creates a non-delegable duty between Plaintiff and Reliable Credit, because that statute regulates security interests in personal property. *See* Rev. Code Wash. § 62A.9A *et seq.* It is undisputed that the parties did not have a debtor/creditor relationship and that there was no security interest in Plaintiff's car.

[3] The first amended complaint also does not allege that Reliable Credit caused or knew of Emerald City's wrongful conversion and sanctioned that conduct. *See Hickle*, 29 P.3d at 53.

Credit's motion to dismiss Plaintiff's conversion claim as pled in Count Two is GRANTED. Plaintiff's conversion claim is DISMISSED without prejudice and with leave to amend.

### 3. UCC Claim

Plaintiff alleges that "Defendants' repossession of Ms. Smart's car was covered by the Uniform Commercial (UCC) at RCW 62.9-609 and 62A.9-625." (Dkt. No. 24-1 at 11.) Plaintiff goes on to assert that "[t]he repossession was commercially unreasonable, was not in default and breached the peace in violation of RCW 62A.9-609 and it violated the UCC in other respects allowing damages under RCW 62.9-625(b)." Plaintiff's claim is not cognizable under the UCC.

Under the UCC, "a person is liable for damages in the amount of any loss caused by a failure to comply with [its requirements] . . . ." Rev. Code Wash. § 62A.9A-625(b). The statute goes on to define the persons entitled to recover damages as: "[a] person that, at the time of the failure, was a debtor, was an obligor, or held a security interest in or other lien on the collateral . . . ." *Id.* at (c)(1). It is undisputed that Plaintiff was not a creditor or obligor, and that no security interest existed in her car. (Dkt. No. 24-1 at 4–5.) Plaintiff offers no legal authority to support her UCC claim, and the statute's plain text forecloses her cause of action. Therefore, Reliable Credit's motion to dismiss Plaintiff's UCC claim as pled in Count Four is GRANTED. Plaintiff's UCC claim is DISMISSED with prejudice because there is no set of facts that Plaintiff could allege that would make her claim viable. *See Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (holding dismissal with prejudice proper where further amendments would be futile).

### 4. WCPA Claim

"To prevail in a private [Consumer Protection Act] claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 889 (Wash. 2009) (citing *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 786 (Wash. 1986)). Plaintiff alleges that Reliable Credit's breach of the UCC represents a *per se* unfair trade practice under the WCPA. (Dkt. No.

1  22 at 10.) As the Court noted, Plaintiff has not alleged a cognizable claim for breach of the UCC
2  against Reliable Credit. *See supra* Part II.B.2.

Even if Plaintiff had alleged such a claim, it would not represent a *per se* violation of the WCPA. "A *per se* unfair trade practice exists when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce has been violated." *Hangman Ridge Training Stables*, 105 Wash. at 786. Revised Code of Washington section 62A.9A-609 permits non-judicial repossession of vehicles and does not establish that a violation of the section constitutes an unfair or deceptive act in trade or commerce. *See* Wash. Rev. Code. § 62A.9A-609. Plaintiff does not cite to a UCC provision that supports her contention that violation of section 62A.9A-609 represents a *per se* unfair trade practice in violation of the WCPA.

Plaintiff cites to a pre-*Hangman Ridge* Court of Appeals case that held a car dealership's wrongful repossession of a debtor's car was a *per se* violation of the WCPA. (Dkt. No. 22 at 9) (citing *Sherwood v. Bellevue Dodge*, 669 P.2d 1258 (Wash. Ct. App. 1983)). However, that case is distinguishable because it involved parties who were in a debtor/creditor relationship. *Sherwood* 669 P.2d at 1262. In addition, that case was decided before the Washington Supreme Court enhanced the threshold for pleading a *per se* violation of the WCPA. *See Hangman Ridge Training Stables*, 105 Wash. at 786.

Therefore, Plaintiff has failed to allege a prima facie WCPA claim. For these reasons, Defendant's motion to dismiss Plaintiff's WCPA claim as pled in Count Three is GRANTED. Plaintiff's WCPA claim is DISMISSED without prejudice and with leave to amend.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 14) is GRANTED. Plaintiff's conversion claim, as pled in Count Two and WCPA claim, as pled in Count Three, are DISMISSED without prejudice and with leave to amend. If Plaintiff chooses to file an amended complaint, she must do so within 21 days from the issuance of this order. Plaintiff's UCC claim,

1 | as pled in Count Four, is DISMISSED with prejudice and without leave to amend.

2 |     DATED this 25th day of July 2018.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE