THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOLLY SMART,

        Plaintiff,

    v.

EMERALD CITY RECOVERY, LLC,

        Defendant.

CASE NO. C18-0448-JCC

ORDER

This matter comes before the Court on Plaintiff's motion for default judgment (Dkt. No. 43). Having thoroughly considered Plaintiff's motion and the accompanying declarations, the complaint, and the relevant record, the Court hereby GRANTS the motion in part and DENIES the motion in part for the following reasons.

## I.    BACKGROUND

Plaintiff filed suit against Defendant Emerald City Recovery, LLC ("Emerald City") on March 26, 2018 for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692f(6). (Dkt. No. 1.) Emerald City was initially represented by counsel and filed an answer to the complaint on July 11, 2018. (Dkt. No. 26.) On August 14, 2018, Emerald City's counsel filed a motion to withdraw, which the Court granted. (Dkt. Nos. 30, 31.) In its order, the Court directed Emerald City to obtain counsel within 30 days, and noted that failure to do so could

result in the entry of default. (Dkt. No. 21 at 2) (citing W.D. Wash. Local Civ. R. 83.2(b)(4)[1]).

Emerald City did not retain new counsel. On November 19, 2018, the Court ordered Emerald City to show cause why the Court should not enter default against it for failing to retain counsel. (Dkt. No. 34.) Emerald City did not respond. On December 17, 2018, Plaintiff filed a motion for default against Emerald City, which the Clerk entered. (Dkt. Nos. 37, 42.) Plaintiff now seeks default judgment against Defendants for $1,000 in statutory damages, $20,453.87 in actual damages, $480 in costs, and $5,145 in attorney fees. (Dkt. No. 43 at 9.)

## II. DISCUSSION

### A. Legal Standard

The Court has discretion to enter a default judgment. *See Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). Default is appropriate where, as here, a party has "failed to plead or otherwise defend" a suit. Fed. R. Civ. P. 55(a). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)); Fed. R. Civ. P. 8(b)(6). In determining the amount of damages, the Court may—but is not required to—hold a hearing. Fed. R. Civ. P. 55(b)(2)(B). To recover damages after securing an entry of default, the plaintiff must prove the relief it seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

### B. Default Judgment Award

#### 1. FDCPA Liability

Plaintiff's amended complaint alleges that Emerald City violated 15 U.S.C. § 1692f(6)

---

[1] The rule reads in relevant part: "A business entity, except a sole proprietorship, must be represented by counsel . . . and that failure to obtain a replacement attorney by the date the withdrawal [of counsel] is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties." W.D. Wash. Local Civ. R. 83.2(b)(4).

when it repossessed her car without having a legal right to do so. (Dkt. No. 24-1 at 9.) That provision prohibits debt collectors from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6). The amended complaint contains sufficient facts, taken as true, to establish the necessary elements of the alleged FDCPA violation. Plaintiff has pled facts demonstrating that Emerald City was a debt collector for the purposes of FDCPA liability. (Dkt. No. 24-1 at 4–5.) Plaintiff has also pled facts demonstrating that Emerald City took Plaintiff's car without having a present right to possession. (*Id.*) Therefore, Emerald City is liable to Plaintiff for damages under the FDCPA.

2. <u>Statutory Damages</u>

The FDCPA allows courts to impose statutory damages "not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). No proof of actual damages is required to recover under the statute. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982). To determine the appropriate amount of statutory damages, the Court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . ." 15 U.S.C. § 1692k(b).

Here, Plaintiff asks for the statutory maximum of $1,000 in damages. (Dkt. No. 43 at 9.) Courts have found an $1,000 award appropriate where a debt collector violated the FDCPA in a particularly egregious or willful manner. *See Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196–97 (N.D.N.Y. 2008) (repeated misrepresentations by debt collector). While it is true that Emerald City's conduct—wrongfully repossessing Plaintiff's car—was egregious, Plaintiff has not alleged any facts showing that Emerald City's conduct was anything more than an isolated, unintentional violation of the statute. The Court FINDS that an award of $500 in statutory damages is appropriate for Emerald City's violation.

//

### 3. Actual Damages

In addition to statutory damages, the FDCPA makes debt collectors liable to any person for "any actual damage sustained by such person." 15 U.S.C. § 1692k(a)(1). Courts in the Ninth Circuit have ruled that emotional distress damages are recoverable under the FDCPA. *See Riley v. Giguiere*, 631 F. Supp. 2d 1295, 1315 (E.D. Cal. 2009). The Ninth Circuit has also held that an analogous statute, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681n, 1681o, allows recovery for "emotional distress and humiliation," which a plaintiff can prove by presenting evidence of her actual emotional distress. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

Here, Plaintiff seeks actual damages for: repairing damage to her car caused by Emerald City ($310.14); lost pay for missed work ($56); travel expenses incurred while she was without her car ($87.73); and emotional distress damages resulting from Emerald City's violation ($20,000); all for a total of $20,453.87. (Dkt. No. 43 at 9.) As an initial matter, the Court FINDS that Plaintiff has provided competent evidence to support her claims for the actual damages resulting from repair of her car, loss of wages, and travel costs ($453.87). (Dkt. No. 45.)

However, the Court FINDS that Plaintiff has not supported her emotional distress damages with competent evidence. In her declaration, Plaintiff states that she was:

> embarrassed, suffered headaches, nausea, nerves, loss of concentration, insomnia and loss of sleep, anxiety, irritability, frustration and intimidation and suffered emotionally in other ways from the distress of having a stranger come in the middle of the night to take my car, wake my neighbor(s), damage my car, make various false misrepresentations and not return it for days.

(Dkt. No. 45 at 4.) While Plaintiff was undoubtedly inconvenienced by Emerald City's action, the Court finds that her statements regarding her emotional distress are conclusory and do not support $20,000 in damages. Courts that have upheld similar emotional distress awards have done so in cases involving much more pervasive and egregious violations. *See, e.g.*, *Pinner v. Schmidt*, 805 F.2d 1258, 1266 (5th Cir. 1986) (approving $25,000 damages award in FCRA case that was based on debtor's "humiliation and embarrassment" arising from multiple denials of

credit and months spent trying to correct an inaccurate credit report). Therefore, the Court AWARDS Plaintiff emotional distress damages in the amount of $5,000.

    4. Costs

Plaintiff seeks an award of $480 for costs: $400 for a filing fee and $80 for a process server. (Dkt. No. 44 at 3.) Though these costs appear reasonable, Plaintiff seeks them prematurely. The Local Rules require parties to seek costs "within twenty-one days after the entry of judgment." W.D. Wash. Local Civ. R. 54(d)(1). Plaintiff's request for costs is denied without prejudice as premature. After judgment issues, Plaintiff may submit a bill of costs in accordance with Local Civil Rule 54.

    5. Attorney Fees

Plaintiff is entitled to reasonable attorney fees under the FDCPA. 15 U.S.C. § 1692k(a)(3). In fact, in the case of a successful FDCPA action, an award of attorney fees from the opposing party is not discretionary, but mandatory. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). To calculate a reasonable fee award, courts employ the "lodestar" method, which multiplies a reasonable hourly rate by the number of hours worked. *Id.* There is a strong presumption that a lodestar calculation is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

Plaintiff properly submitted a list detailing the attorney fees requested. (Dkt. No. 44 at 3.) This list appropriately considers the hours worked by counsel on Plaintiff's case. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989). The Court FINDS the amount of time spent by counsel in preparing Plaintiff's case was not excessive or duplicative. Counsel's hourly rate of $350 is similarly reasonable. The Court has approved similar rates on FDCPA cases. *See McGowan v. Lezema, Lester & Associates, et al.*, Case No. C14-0558-JCC, Dkt. No. 23 at 4 (W.D. Wash. 2014). The Court AWARDS Plaintiff $5,145 in attorney fees.

    6. Statutory Interest

Post-judgment interest shall accrue at the statutory rate as set forth in 28 U.S.C.

§ 1961(a). *See Northrop Corp. v. Triad Intern. Marketing, S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988); W.D. Wash. Local Civ. R. 55(b)(2)(B).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (Dkt. No. 43) is GRANTED in part and DENIED in part. The Court GRANTS judgment against Defendant Emerald City Recovery, LLC and in favor of Plaintiff Holly Smart in the following amounts:

- Statutory damages - $500
- Actual damages - $5,453.87
- Attorney fees - $5,145

Post-judgment interest will compound at the statutory rate as set forth in 28 U.S.C. § 1961(a) as of the date of this order.

DATED this 30th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE